UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BESTWAY (USA), INC., et al., | Case No.17-cv-00205-HSG |
| Plaintiffs, | |
| v. | **ORDER GRANTING PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
| PIETRO PASQUALE-ANTONI SGROMO, et al., | Re: Dkt. No. 2 |
| Defendants. | |

Pending before the Court is an administrative motion filed by Plaintiffs Bestway (USA), Inc.; Bestway (Hong Kong) International Ltd.; and Bestway Inflatable and Material Corporation ("Plaintiffs"). Dkt. No. 2. The unopposed motion seeks to file under seal portions of its Complaint, as well as the exhibits to the Complaint. *Id.* at 1; *see also* Dkt. No. 1 (Complaint). The Court **GRANTS** Plaintiffs' administrative motion.

## I. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (citation and internal quotation marks omitted). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178-79 (citations, internal quotation marks, and alterations omitted). "In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist

when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (citation and internal quotation marks omitted). The Court must

> balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the Court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id*. (citations, brackets, and internal quotation marks omitted).

Civil Local Rule 79-5 supplements the "compelling reasons" standard. The party seeking to file under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material . . . ." Civil L.R. 79-5(b). Courts also "regularly find that litigants may file under seal contracts with third parties that contain proprietary and confidential business information." *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015) (granting motion to seal contracts containing "confidentiality clauses, along with lists of the parties' obligations and terms of payment").

Finally, records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Accordingly, parties moving to seal such records need only meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id*. at 1097. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 26(c).

**II. DISCUSSION**

Plaintiffs seek to seal "portions of its Complaint that cite to [two] settlement agreements that include confidentiality provisions preventing the disclosure of the terms of the agreements." Dkt. No. 2 at 1. Plaintiffs also request to seal the two settlement agreements—Exhibits A and B to

the Complaint—in their entirety. *Id.*; *see also* Dkt. No. 2-1 ¶¶ 5-6 (Declaration of Nitin Gambhir) ("Gambhir Decl."). Finally, Plaintiffs seek to seal portions of Exhibit C to the Complaint, a Canadian Statement of Claim, which "include[s] reference to the terms of the settlement agreements." *Id.*; *see also* Gambhir Decl. ¶ 7.

In considering whether to seal Plaintiffs' Complaint and the accompanying exhibits, the Court applies the "compelling reasons" standard. Although the Ninth Circuit appears not to have explicitly stated what standard applies to the sealing of a complaint, many courts in this district and elsewhere have found that the compelling reasons standard applies. *See Sjostrom v. Kraatz*, No. 16-cv-01381-DMR, 2016 WL 3940886, at *2 (N.D. Cal. July 21, 2016); *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 WL 5366963, at *2 (N.D. Cal. Sept. 25, 2013); *Nucal Foods, Inc. v. Quality Egg LLC,* No. CIV S-10-3105 KJM-CKD, 2012 WL 260078, at *2 (E.D. Cal. Jan. 27, 2012); *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.,* No. CV 09-1531-PHX-JAT, 2010 WL 2474387, at *1 (D. Ariz. June 11, 2010); *Dunbar v. Google, Inc.,* No. 12-cv-03305, 2013 WL 4428853, at *2 (N.D. Cal. Aug. 14, 2013); *In re NVIDIA Corp. Derivative Litig.,* No. C 06-06110 SBA, 2008 WL 1859067, at *3-4 (N.D. Cal. Apr. 23, 2008). This makes sense because the Complaint is more than "tangentially related to the merits of the case." *See Ctr. for Auto Safety*, 809 F.3d at 1101; *see also Sjostrom,* 2016 WL 3940886, at *2 ("Because the complaint is more than tangentially related to the merits of the case, the compelling reasons standard governs the sealing request.").

The Court finds that Plaintiffs' request to file the entirety of Exhibits A and B under seal satisfies the compelling reasons standard because those exhibits contain "proprietary and confidential business information." *See Finisar*, 2015 WL 3988132, at *5. Moreover, the Court finds Plaintiffs' requested redactions to the Complaint and to Exhibit C, given their references to the terms of the settlement agreements, sufficiently "narrowly tailored" to protect both Plaintiffs' interests and the public interest in access.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion to seal Exhibits A and B to the Complaint, and to seal portions of the Complaint and Exhibit C. Pursuant to Civil Local

Rule 79-5(f)(1), the unredacted versions of the Complaint and exhibits filed under seal will remain under seal, *see* Dkt. No. 2, and the public will have access only to the redacted versions originally filed by Plaintiffs, *see* Dkt. No. 1.

**IT IS SO ORDERED.**

Dated: 9/28/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge