UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BESTWAY (USA), INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PIETRO PASQUALE-ANTONI SGROMO, et al.,<br><br>Defendants. | Case No.17-cv-00205-HSG<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 14 |

Pending before the Court is Defendant Peter Sgromo's ("Defendant") motion for summary judgment.[1] For the reasons set forth below, his motion is **DENIED**.[2]

## I.  JURISDICTIONAL MATTERS

As a threshold matter, Defendant challenges the Court's exercise of personal jurisdiction as to him, Dkt. No. 14 at 5-6, 26-28, 38-44, and challenges venue in this District as improper, *id.* at 6, 33-35.[3] The Court finds that Defendant is subject to its jurisdiction and that venue properly lies in this District.

### A.  Personal Jurisdiction

Personal jurisdiction over a defendant is proper if it comports with both the forum state's

---

[1] Sgromo purports to represent both himself and Defendant Wagmore & Barkless LLC on a pro se basis. Because Sgromo is not an attorney, he is permitted to represent only himself. *See In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (per curiam) ("Corporations and other unincorporated associations must appear in court through an attorney."); Civil L.R. 3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court."). For this reason, the Court does not consider or address this motion's arguments as to Wagmore & Barkless.
[2] Having considered the parties' motions and all related papers, the Court finds the matter appropriate for decision without oral argument. *See* Civil L.R. 7-1(b).
[3] The Court notes that Defendant's 43-page brief, filed without leave to submit an oversize brief, violates this District's local rules. Civil L.R. 7-4(b). Further failure to comply with the local rules will be a basis for sanctions.

long-arm statute and federal due process. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). California's long-arm statute is co-extensive with the requirements of due process. *Id.* Due process requires that a non-resident defendant have "minimum contacts" with the forum state, "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). As relevant here, a court properly exercises specific personal jurisdiction over a non-resident defendant if three conditions are met: (1) the defendant must have "purposefully availed himself of the privilege of conducting activities in California" or "purposefully directed [his] activities toward" California; (2) the claim must "arise[] out of or result[] from the defendant's forum-related activities"; and (3) the exercise of jurisdiction must be reasonable. *Pebble Beach*, 453 F.3d at 1155 (citation omitted). "If the plaintiff satisfies the first two parts of the test, the burden shifts to the defendant to set forth a compelling case that the exercise of jurisdiction would not be reasonable." *Autodesk, Inc. v. Kobayashi + Zedda Architects Ltd.*, 191 F. Supp. 3d 1007, 1014 (N.D. Cal. 2016) (quoting *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011)) (internal punctuation marks omitted).

Plaintiffs Bestway (USA), Inc., Bestway (Hong Kong) International Ltd., and Bestway Inflatables and Material Corporation (collectively referred to as "Plaintiffs") have satisfied their burden. They allege not only that Defendant was a resident of California "at all material times," Dkt. No. 1 ("Complaint" or "Compl.") ¶ 10, but that he was and remains the president of Wagmore & Barkless, a California limited liability corporation, *id.* ¶ 12. Plaintiffs also allege that Defendant, through the company he created, filed suit against two of the plaintiffs in this District, *id.* ¶ 32, and submitted an accompanying declaration in support of maintaining the litigation in California, *id.* ¶ 34. Plaintiffs further allege that Defendant signed an agreement ("the Agreement") in this District in his capacity as president of Wagmore & Barkless, *id.* ¶ 38, in which Plaintiffs agreed to a method of depositing certain funds, *id.* ¶ 39.

The Court agrees that maintaining litigation and a limited liability corporation in California are sufficient to constitute purposeful availment "of the privilege of conducting activities in California" by Defendant. *See Pebble Beach*, 453 F.3d at 1155 (citation omitted). Plaintiffs'

2

action also arises from Defendant's activities in California, because they now seek a determination as to who is entitled to the funds at issue in the Agreement. Compl. at 11 (prayer for relief). Moreover, Defendant's conclusory assertions that he lacks the requisite minimum contacts with California are insufficient to satisfy his burden of setting forth a compelling case that jurisdiction is unreasonable. *See* Dkt. No. 14 at 5, 28. Thus, Defendant is subject to this Court's jurisdiction.

### B. Venue

"A civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(2). Here, Plaintiffs allege that "at all material times [Defendant] was a resident of San Francisco, California." Compl. ¶ 10. Plaintiffs also allege that Defendant executed the disputed agreements at issue in this District, *id.* at ¶¶ 25, 30, and filed the lawsuit in this District that ultimately led to the Agreement, *id.* ¶¶ 32, 38-39. Thus, venue properly lies in this District, because "a substantial part of the events . . . giving rise to the claim occurred" here.

## II. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Having established that Defendant is subject to this Court's jurisdiction and that venue properly lies in this District, the Court finds that Defendant fails to satisfy the summary judgment standard.

Summary judgment is proper when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a dispute is "genuine" if there is evidence in the record sufficient for a reasonable trier of fact to decide in favor of the nonmoving party. *Id.* But in deciding if a dispute is genuine, the court must view the inferences reasonably drawn from the materials in the record in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986), and "may not weigh the evidence or make credibility determinations," *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997), *overruled on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008).

With respect to summary judgment procedure, the moving party always bears both the

ultimate burden of persuasion and the initial burden of producing those portions of the pleadings, discovery, and affidavits that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will not bear the burden of proof on an issue at trial, it "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). The movant "may not require the nonmoving party to produce evidence supporting its claim or defense simply by saying that the nonmoving party has no such evidence." *Id.* at 1105. "If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Id.* at 1102-03.

Defendant falls far short of showing that there is "no genuine dispute as to any material fact and [that he] is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). Indeed, he achieves the opposite by underscoring the dispute between the parties as to perhaps the most determinative fact in this action: the question of who is the rightful owner of the '440 patent. Specifically, Defendant asserts that the '440 patent "had not been assigned to [Defendant Eureka Inventions LLC]," Dkt. No. 14 at 19,[4] while Plaintiffs allege that Wide Eyes Marketing Ltd., with Defendant as the signatory, assigned the '440 patent to Defendant Leonard Scott, who later licensed the patent to Eureka, Compl. ¶¶ 23, 25-27. Plaintiffs seek a judicial determination of which party is entitled to receive the funds at issue—a question which turns on identity of the rightful owner of the '440 patent. Because the parties dispute this fact, and because Defendant highlighted that dispute with his motion for summary judgment, it must fail.

//
//
//
//

---

[4] In support of this assertion, Defendant cites to a sealed email exchange which does not prove that the '440 patent had not been assigned to Eureka. Dkt. No. 16-15.

4

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion for summary judgment. The parties are **ORDERED** to appear at a case management conference on October 31, 2017 at 2:00 p.m. The parties shall submit a joint case management statement by October 24, 2017.

**IT IS SO ORDERED.**

Dated: 10/16/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge