405-2929 Tims Street
Abbotsford, British Columbia V2T 4G1
**CANADA**
Facsimile: (705) 417-1939
E-Mail: peter@eurekainnovates.com

PRO SE for Defendants
PETER SGROMO
WAGMORE & BARKLESS LLC

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BESTWAY (USA), INC.; BESTWAY (HONG KONG) INTERNATIONAL LTD.; and BESTWAY INFLATABLES AND MATERIAL CORPORATION;<br><br>Plaintiffs,<br><br>vs.<br><br>PIETRO PASQUALE-ANTONIO SGROMO (a/k/a PETER ANTHONY SGROMO); WAGMORE & BARKLESS LLC, LEONARD GREGORY SCOTT (a/k/a LEE SILVER), EUREKA INVENTIONS LLC,<br>Defendants. | Civil Case No. 4:2017cv00205_____<br><br>**REQUEST FOR THIS COURT TO RECONSIDER DISMISSING THE ENTIRE ACTION ON THE GROUNDS THAT THE PROPER PARTIES IN THE DISPUTE ARE NOT BEFORE THE COURT, AND DEFENDANTS SGROMO ET AL. DO NOT MEET MINIMUM CONTACTS WITH FORUM**<br><br>Date: December 11, 2017<br>Judge: Haywood S Gilliam |

COMPLAINT FOR DAMAGES and INJUNCTIVE RELIEF

**TO THE JUDGE: HAYWARD S GILLMAN**

NOTICE HAS ALREADY HEREBY GIVEN that Defendants, Pietro Pasquale-Antonio Sgromo & Wagmore & Barkless LLC (hereinafter collectively "Sgromo et al.") notify this court and Judge Hayward S Gillman as an individual, the right of Sgromo et al to sue Judge Hayward S Gillman, as an individual as well as the UNITED STATES GOVERNMENT in the Supreme Court of British Columbia, CANADA in accordance with the *State Immunity Act,* and the *Court Jurisdiction and Proceedings Transfer Act,* S.B.C. 2003, c.28 [*"CJPTA"*].

This right was based on the Notice, the Memorandum of Points and Authorities filed December 6th 2017, with the declarations in support of this Notice from Defendants Pietro Pasquale-Antonio Sgromo (" Sgromo ") as an individual and representing Wagmore & Barkless LLC ("W&B").

Given the proper parties (namely Wide Eyes Marketing Ltd., hereinafter "WEM") who unequivocally owns the ENTIRE RIGHTS connected to the royatlies in this dispute are not before this court this action cannot proceed and any relief WEM, a Canadian Company incorporated under British Columbia, Canada Laws, with no contacts with the forum of California must be pursued against the United States Government and Judge Hayward Gillman as an individual in accordante with the *State Immunity Act,* and the *CJPTA.*

Dated this 11th day of December, 2017

_____
PIETRO PASQUALE-ANTONIO SGROMO
Pro Se for Defendants, Sgromo et al.

### I. STATEMENT OF THE ISSUES PRESENTED

1. Whether this court should reconsider its previous decision to quash service and dismiss this action with prejudice in its entirety.

2. Whether Defendants, Sgromo et al. are entitled to costs.

### II. THE NOTIFYING PARTIES

Plaintiff Peter Sgromo is an individual who, at all times relevant hereto, has been a citizen of Canada. Sgromo's time spent in San Francisco, CA was for temporary work under temporary TN (Trade North America) work visas under NAFTA (North American Free Trade Agreement) petitioned by three separate clients, Kensington Technology Group, Bestway (USA) Inc., and Eureka Inventions LLC. Under NAFTA, a Canadian Citizen can work and temporarily domicile in the USA for a period of three years under strict professional categories, by a Petitioner. Work can only be completed for the specific petitioner in the professional category and any additional work for a separate entity must be accompanied by a separate petition with the US Customs and Border Patrol and Department of Homeland Security.

Sgromo had firm plans to move back to Canada permanently on July 9, 2015. However on two separate occasions, July 6, 2015 and July 11, 2015 the other Defendant and owner of Eureka, Leonard Gregory Scott ("Scott") alleged Domestic Violence charges and Sgromo faced a lengthy trial for 18 months, when in December of 2016 he was cleared of all charges and the trial was suddenly dropped on the first day. Is should be noted Sgromo had already permanently moved back to Canada and flew to San Francisco solely to face trial and clear his name. Since he could not work in the US and needed to survive, he created Wagmore and Barkless in order to support himself throughout the trial. He simply could not operate his Canadian Company in California and this essentially was his only option

MOST IMPORTANTLY, WEM is the sole owner of the marks. Scott purports to have lawfully obtained the patents and trademarks first for the alleged "domestic violence" and "drug abuse" having "their price to pay" and then for unpaid rent. However, the marks belong to WEM

and at no time were every transferred to Sgromo as an individual. WEM is not liable for the false domestic charges or the claioms of unpaid rent. WEM was not facign criminal charges, nor is WEM a party to the lease agreement and certainly not a party to the dispute. It is nothing short of absurdity for this court or any competent court of jurisdiction for that matter, to make decisions on WEM's property when WEM is not a party to the dispute.

It is thereby established that at the time of the incidents surrounding the action that Sgromo was "voluntarily" in the jurisdiction of California.

### III.  STATEMENT OF UNDISPUTED FACTS

*The statement of the Unidispted Facts remain unchanged.*

### IV.  POINTS AND AUTHORITIES

*The Points and Authorities remain unchanged.*

### V.  RELIEF SOUGHT

In order to avoid an absurdity in decision and certain duplicative and additional unnecessary action in the province of British Columbia, Canada, this Court should dismiss this action with prejudice prior to December 22, 2017.

Costs of fifty-thousand United States dollars (US $50,000.00) are respectfully requested given the vexatious nature of this prolonged litigation.

DATED: December 11th, 2017

By: _____

Pro Se
PIETRO PASQUALE-ANTONIO SGROMO
(PETER SGROMO) FOR THE DEFENDANTS:

PIETRO PASQUALE-ANTONIO SGROMO;
WAGMORE & BARKLESS LLC

- 4 -
COMPLAINT FOR DAMAGES and INJUNCTIVE RELIEF