UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| BESTWAY (USA), INC., et al., | Case No.17-cv-00205-HSG |
|---|---|
| Plaintiffs, | |
| v. | **ORDER REGARDING PENDING MOTIONS** |
| PIETRO PASQUALE-ANTONI SGROMO, et al., | Re: Dkt. Nos. 21, 22, 29, 32, 33, 36 |
| Defendants. | |

Pending before the Court are several administrative motions and one substantive motion. Plaintiffs are Bestway (USA), Inc., Bestway (Hong Kong) International Ltd., and Bestway Inflatables and Material Corporation (collectively, "Plaintiffs" or "the Bestway Companies"). Defendants are Pietro Pasquale-Antoni Sgromo ("Sgromo"), Wagmore & Barkless ("W&B"), Leonard Gregory Scott ("Scott"), and Eureka Inventions LLC ("Eureka").

**I. DISCUSSION**

Plaintiffs have filed four unopposed motions to seal. Dkt. Nos. 21, 22, 29, 32. Sgromo has filed a motion to transfer the action, purporting to file on behalf of both himself and W&B. Dkt. No. 33. Plaintiffs subsequently filed a motion for administrative relief related to Sgromo's transfer motion. Dkt. No. 36. The Court considers each in turn.

**A. Plaintiffs' Motions to Seal**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in

favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178-79 (quotation omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). Moreover, courts "regularly find that litigants may file under seal contracts with third parties that contain proprietary and confidential business information." *See Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015); *see also In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (finding that "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" containing "confidential business information" satisfied the "compelling reasons" standard in part because sealing that information "prevent[ed] competitors from gaining insight into the parties' business model and strategy").

2

Records attached to nondispositive motions, however, are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because such records "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179-80 (quotation omitted). This requires only a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

### 1. Plaintiffs' motion to seal portions of Sgromo and W&B's motion for summary judgment is granted in part and denied in part.

Plaintiffs first seek leave to seal portions of Sgromo and W&B's motion for summary judgment, Dkt. No. 21, because it includes "confidential business information regarding confidential license and settlement agreements or their terms, as well as confidential business information about the Bestway Companies' product development, marketing and sales strategies," Dkt. No. 22-1 (Declaration of Nitin Gambhir I) ¶ 5. Plaintiffs' motion is granted in part and denied in part, as set forth below:

| Document | Ruling | Reason |
|---|---|---|
| Dkt. Nos. 13 and 14[1] | GRANTED as to all highlighted portions in Plaintiffs' submission. *See* Dkt. No. 21-3. | Proprietary and confidential business information. |
| Exhibit 4 (Dkt. No. 14-4) | DENIED | Not narrowly tailored.[2] |
| Exhibit 5 (Dkt. No. 14-5) | DENIED | Not narrowly tailored. |
| Exhibit 6 (Dkt. No. 14-6) | DENIED | Not narrowly tailored. |
| Exhibit 7 (Dkt. No. 14-7) | DENIED | No declaration in support. |
| Exhibit 8 (Dkt. No. 14-8) | DENIED | No declaration in support. |
| Exhibit 9 (Dkt. No. 14-9) | DENIED | Not narrowly tailored. |

---

[1] The motion at Docket Number 13 was subsequently refiled at Docket Number 14, with the latter filing apparently amended to include exhibits. The motions are otherwise identical.
[2] As to the exhibits for which Plaintiffs fail to narrowly tailor the requested redactions, it is frequently also the case that they fail to describe the basis for sealing in sufficient detail in their declaration.

3

| Document (continued) | Ruling (continued) | Reason (continued) |
|---|---|---|
| Exhibit 10 (Dkt. No. 14-10) | GRANTED | Proprietary and confidential business information. |
| Exhibit 11 (Dkt. No. 15-1) | DENIED | Not narrowly tailored. |
| Exhibit 12 (Dkt. No. 15-2) | DENIED | Not narrowly tailored. |
| Exhibit 13 (Dkt. No. 15-3) | DENIED | No declaration in support. |
| Exhibit 14 (Dkt. No. 15-4) | DENIED | Not narrowly tailored. |
| Exhibit 15 (Dkt. No. 15-5) | DENIED | Not narrowly tailored. |
| Exhibit 16 (Dkt. No. 15-6) | DENIED | Not narrowly tailored. |
| Exhibit 17 (Dkt. No. 15-7) | DENIED | No declaration in support. |
| Exhibit 18 (Dkt. No. 15-8) | DENIED | Not narrowly tailored. |
| Exhibit 19 (Dkt. No. 15-9) | DENIED | Not narrowly tailored. |
| Exhibit 20 (Dkt. No. 15-10) | DENIED | Not narrowly tailored. |
| Exhibit 21 (Dkt. No. 15-11) | DENIED | Not narrowly tailored. |
| Exhibit 22 (Dkt. No. 15-12) | DENIED | No declaration in support. |
| Exhibit 23 (Dkt. No. 15-13) | DENIED | Not narrowly tailored. |
| Exhibit 24 (Dkt. No. 15-14) | DENIED | Not narrowly tailored. |
| Exhibit 25 (Dkt. No. 15-15) | DENIED | Not narrowly tailored. |
| Exhibit 26 (Dkt. No. 16-1) | DENIED | Not narrowly tailored. |
| Exhibit 27 (Dkt. No. 16-2) | DENIED | Not narrowly tailored. |
| Exhibit 28 (Dkt. No. 16-3) | DENIED | Not narrowly tailored. |
| Exhibit 29 (Dkt. No. 16-4) | DENIED | Not narrowly tailored. |
| Exhibit 30 (Dkt. No. 16-5) | GRANTED | Proprietary and confidential business information. |
| Exhibit 31 (Dkt. No. 16-6) | DENIED | Not narrowly tailored. |
| Exhibit 32 (Dkt. No. 16-7) | GRANTED | Proprietary and confidential business information. |
| Exhibit 33 (Dkt. No. 16-8) | DENIED | Not narrowly tailored. |
| Exhibit 34 (Dkt. No. 16-9) | DENIED | Not narrowly tailored. |
| Exhibit 35 (Dkt. No. 16-10) | GRANTED | Proprietary and confidential business information. |
| Exhibit 36 (Dkt. No. 16-11) | DENIED | Not narrowly tailored. |
| Exhibit 37 (Dkt. No. 16-12) | GRANTED | Proprietary and confidential business information. |
| Exhibit 38 (Dkt. No. 16-13) | DENIED | Not narrowly tailored. |
| Exhibit 39 (Dkt. No. 16-14) | DENIED | Not narrowly tailored. |
| Exhibit 40 (Dkt. No. 16-15) | DENIED | Not narrowly tailored. |
| Exhibit 41 (Dkt. No. 16-16) | DENIED | Not narrowly tailored. |
| Exhibit 42 (Dkt. No. 16-17) | GRANTED | Proprietary and confidential business information. |
| Exhibit 44 (Dkt. No. 16-19) | GRANTED | Proprietary and confidential business information. |
| Exhibit 45 (Dkt. No. 16-20) | DENIED | No declaration in support. |
| Exhibit 47 (Dkt. No. 16-22) | DENIED | Not narrowly tailored. |
| Exhibit 48 (Dkt. No. 16-23) | DENIED | Not narrowly tailored. |
| Exhibit 49 (Dkt. No. 16-24) | GRANTED, as set forth in Plaintiffs' submission. *See* Dkt. No. 21-14. | Proprietary and confidential business information. |
| Exhibit 50 (Dkt. No. 16-25) | DENIED | Not narrowly tailored. |

### 2. Plaintiffs' motion to seal portions of their opposition to Sgromo and W&B's motion for summary judgment is granted.

Plaintiffs next seek leave to seal portions of their opposition to Sgromo and W&B's motion for summary judgment, Dkt. No. 22, insofar as it refers to previously-sealed exhibits that

4

contain "certain agreed upon terms and royalty payment rights and obligations[,] and include confidentiality clauses reflecting the parties' agreement as such," Dkt. No. 22-1 (Declaration of Nitin Gambhir II) ¶ 4.[3] Because a motion for summary judgment is a dispositive motion, the Court applies the more stringent "compelling reasons" standard. Here, Plaintiffs' request to seal the highlighted portions of their opposition satisfies that standard because those portions cite to "proprietary and confidential business information." *See Finisar Corp.*, 2015 WL 3988132, at *5. Furthermore, the Court finds the requested redactions to be sufficiently "narrowly tailored" to protect both Plaintiffs' interests and the public interest in access.

Accordingly, this motion to seal is **GRANTED**.

### 3. Plaintiffs' motion to seal portions of their joint administrative motion to extend time is denied.

Plaintiffs also seek leave to seal an exhibit they submitted in support of an administrative motion to extend time, Dkt. No. 29, because it contains "meritless and scandalous accusations and threats made by Mr. Sgromo that should not be made publicly available," as well as "highly sensitive and confidential commercial business information," Dkt. No. 29-1 (Declaration of Nitin Gambhir III) ¶¶ 5-6. Because this is a non-dispositive motion, the Court applies the lower "good cause" standard. Still, Plaintiff's contentions regarding Sgromo's threats and accusations amount to nothing more than insufficient "[b]road allegations of harm." *See Beckman Indus., Inc.*, 966 F.2d at 476. Moreover, while the portions of the exhibit that Plaintiff seeks to seal do appear to contain some sensitive business information, the redactions sought by Plaintiff are overbroad, and thus are not sufficiently narrowly tailored.

Accordingly, this motion to seal is **DENIED**.

### 4. Plaintiffs' motion to seal portions of their Notice of Canadian Order is granted.

Last, Plaintiffs seek leave to file under seal the portions of their Notice of Canadian Order, Dkt. No. 32, that "relat[e] to the confidential terms of agreements between the parties," Dkt. No.

---

[3] Specifically, the exhibits to which Plaintiffs' opposition refers are Exhibits A and B to the Complaint, *see* Dkt. No. 1-1; 1-2, which this Court sealed on September 28, 2017, Dkt. No. 49.

5

32-2 (Declaration of Nitin Gambhir IV) ¶ 3. Applying the good cause standard, the Court finds Plaintiffs' request to seal the highlighted portions of the Canadian order, entered by the Ontario Superior Court of Justice, satisfies that standard because it describes "proprietary and confidential business information." *See Finisar Corp.*, 2015 WL 3988132, at *5.[4] The Court also finds Plaintiffs' requested redactions to be sufficiently narrowly tailored.

According, this motion to seal is **GRANTED**.

**B. Sgromo's Motion to Transfer and Plaintiffs' Related Motion for Administrative Relief**

**1. Sgromo's motion to transfer the case is denied.**

On May 5, 2017, Sgromo filed a motion to transfer the case.[5] While his motion is difficult to decipher, and frequently veers into issues not relevant to the relief he seeks, he appears to assert two theories in support of his argument for transfer. First, he contends that this case should be transferred to the District of Massachusetts, on the basis of a forum selection clause between Eureka and a non-party. *See* Dkt. No. 33 at 7-9. Alternatively, he argues that 28 U.S.C. § 1404(a) favors such transfer. *See id.* at 10-14. Neither argument is persuasive.

Citing the findings of a Canadian court—regarding what appears to be an entirely unrelated, separate transaction—Sgromo asserts that in 2014, he entered into a non-disclosure agreement with a company named Polygroup N.A. on behalf of Eureka. *Id.* at 8. That agreement included a forum selection clause, providing that "any action arising out of the agreement shall be brought in Massachusetts." *Id.* Accordingly, Sgromo contends that he and Eureka are bound by this clause. *Id.* But the legal force of that forum selection clause is irrelevant, because the

---

[4] While the Court generally would not be inclined to seal a court order that is presumably a public document, the Ontario court noted in its decision that it would grant a request for a sealing order by the Bestway Companies, Scott, and Eureka, given the "real and substantial risk to an important commercial interest of preserving confidential information relating to proprietary technology and to the negotiations surrounding the [licensing] of that proprietary information." *See* Dkt. No. 32-4 at 20.

[5] Sgromo, proceeding pro se, purports to represent both himself and W&B. But because Sgromo is not an attorney, he is permitted to represent only himself. *See In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (per curiam) ("Corporations and other unincorporated associations must appear in court through an attorney."); Civil L.R. 3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court."). Accordingly, the Court does not consider or address the motion's arguments as to W&B.

6

plaintiffs bringing this action are the Bestway Companies, not Polygroup. Generally speaking, "[i]t goes without saying that a contract cannot bind a nonparty." *See Equal Opportunity Emp't Comm'n*, 534 U.S. 279, 294 (2002). Sgromo has failed to show that this general principle does not apply here, nor has he shown that Plaintiffs are subject to any forum selection clause. Moreover, as a practical matter, Sgromo has not made clear to this Court how the instant dispute arose out of a non-disclosure agreement with an entity that is not a party to this case.

The Court is left with Sgromo's argument that transfer is warranted under section 1404(a), which is underpinned by his incorrect assumption that a forum selection clause governs. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division *where it might have been brought . . . .*" 28 U.S.C. § 1404(a) (emphasis added). A civil action may be brought, in turn, in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The movant bears the burden of showing that section 1404(a) justifies transfer. *See Roberts v. C.R. England, Inc.*, 827 F. Supp. 2d 1078, 1087 (N.D. Cal. 2011) (citing *Decker Coal v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)).

Here, Sgromo fails to show that this action could have been brought in Massachusetts, and thus fails to satisfy the threshold requirement of the section 1404(a) inquiry. *See State v. Bureau of Land Mgmt.*, Nos. 17-cv-07186-WHO and 17-cv-07187-WHO, --- F. Supp. 3d ---, 2018 WL 1014644, at *3 (N.D. Cal. Feb. 22, 2018) ("Section 1404(a) requires the court to make a threshold determination of whether the case could have been brought where the transfer is sought."). Assuming, *arguendo*, that the Court could consider the facts set forth by Sgromo regarding Scott's property ownership in Massachusetts, *see* Dkt. No. 33 at 10, he fails to account for the fact that under section 1391(a), *all* defendants must be residents of Massachusetts in order for venue to

properly lie there. Nor does he make a showing under section 1391(b) or (c).[6]

Accordingly, Sgromo's motion to transfer is **DENIED**.

### 2. Plaintiffs' motion for administrative relief related to Sgromo's motion to transfer is denied as moot.

After Sgromo filed his motion to transfer, Plaintiffs filed a motion seeking clarification as to when they were to file their opposition to Sgromo's transfer motion. *See* Dkt. No. 36 at 1. A Clerk's Notice subsequently issued, however, directing Sgromo to re-notice his transfer motion and setting the deadline for Plaintiffs' opposition to May 19, 2017. *See* Dkt. No. 39. Plaintiffs filed their opposition in accordance with that deadline. *See* Dkt. No. 43.

Accordingly, this motion is **DENIED AS MOOT**.

## II. CONCLUSION

For the foregoing reasons, the Court decides the motions at issue as follows:

1. Plaintiffs' motion to seal portions of Sgromo's motion for summary judgment, Dkt. No. 21, is **GRANTED IN PART** and **DENIED IN PART**.

2. Plaintiffs' motion to seal portions of their opposition to Sgromo's motion for summary judgment, as highlighted in Docket Number 22-4, is **GRANTED**.

3. Plaintiffs' motion to seal portions of their joint administrative motion to extend time, as highlighted in Docket Number 29-7, is **DENIED**.

4. Plaintiffs' motion to seal portions of their Notice of Canadian Order, as highlighted in Docket Number 32-5, is **GRANTED**.

//

//

---

[6] At times, Sgromo appears to conflate the rule of section 1404(a) with the doctrine of *forum non conveniens*. *See* Dkt. No. 33 at 10-14. This Court understands Sgromo's motion to move for transfer only under section 1404(a). "Unlike Section 1404(a), a *forum non conveniens* is 'a drastic exercise of the court's "inherent power" because, unlike a mere transfer of venue, it results in the dismissal of a plaintiff's case.'" *FastCap, LLC v. Snake River Tool Co., LLC*, No. 15-cv-02764-JSC, 2015 WL 6828196, at *1 n.2 (N.D. Cal. Nov. 6, 2015) (quoting *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1224 (9th Cir. 2011)). On a more practical level, section 1404(a) "displaced the common law doctrine of *forum non conveniens*." *Id.* (citing *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1259 (W.D. Wash. 2005)).

5. Sgromo's motion to transfer the case, Dkt. No. 33, is **DENIED**.

6. Plaintiffs' motion for administrative relief related to Sgromo's transfer motion, Dkt. No. 36, is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: 3/21/2018

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge