UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BESTWAY (USA), INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>PIETRO PASQUALE-ANTONI SGROMO, et al.,<br><br>    Defendants. | Case No. 17-cv-00205-HSG<br><br>**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**<br><br>Re: Dkt. No. 113 |

**TO DEFENDANT PIETRO PASQUALE-ANTONIO SGROMO ("SGROMO"):**

This matter comes before the Court on Plaintiffs Bestway (USA) Inc., Bestway (Hong Kong) International Ltd., and Bestway Inflatables and Material Corporation's (collectively "Bestway's") Motion for Temporary Restraining Order and Preliminary Injunction to Preserve Status Quo Pending Appeal, Memorandum of Points and Authorities, and supporting papers, pursuant to Fed. R. Civ P. 65 and Civ. L.R. 65-1.

Having considered the arguments and papers submitted, in order to preserve the status quo and finding good cause based on the record before the Court, IT IS HEREBY ORDERED THAT Bestway's Motion for a Temporary Restraining Order is GRANTED, pending a hearing on September 26, 2018 at 10:00 a.m. to show cause why a preliminary injunction should not issue. This Temporary Restraining Order shall expire 14 days after entry, unless before that time the Court, for good cause shown, extends it for a like period, pursuant to Fed. R. Civ. P. 65(b)(2).

Based on the record before it, the Court finds that: (a) Bestway is likely to prevail on the merits of its claims that Sgromo's motion to compel arbitration was properly denied and that the status quo should be maintained pending resolution of the appeal in the Ninth Circuit regarding

that issue; (b) Bestway would be likely to suffer irreparable injury absent a temporary restraining order in the form of inconsistent and/or contradictory rulings from an arbitrator, an improper reversal of the relief already granted to Bestway by this Court in its summary judgment, distribution, and discharge rulings, unrecoverable time, institutional distraction, and significant financial expense; (c) the balance of hardships tips in Bestway's favor because the requested relief seeks to enforce the Court's orders that ruled in Bestway's favor and against Sgromo; and (d) the requested relief is in the public interest because the requested relief conserves judicial and party resources, while enforcing this Court's orders and preserving the Ninth Circuit's jurisdiction to hear Sgromo's pending appeal.

**YOU ARE HEREBY ORDERED TO SHOW CAUSE** on Wednesday, September 26 at 10:00 a.m., before the Honorable Haywood S. Gilliam, Jr. at the United States District Court, 1301 Clay Street, Courtroom 2, 4th Floor, Oakland, California, why you, your officers, agents, servants, employees, and attorneys, and any other persons or corporate entities who are in active concert or participation with you, should not be enjoined and restrained from engaging in, committing, or performing, directly or indirectly, any and all of the following acts:

1. Prosecuting or continuing to prosecute the arbitration before JAMS captioned *Sgromo, et al. v. Bestway (USA), Inc., et al.*, Reference No. 1210035345, until resolution of the appeal in the U.S. Court of Appeals for the Ninth Circuit captioned *Sgromo, et al. v. Bestway (USA), Inc., et al.*, Case No. 18-16228.

Pending a hearing on the above Order to Show Cause Why a Preliminary Injunction Should Not Issue on September 26, 2018, you, your officers, agents, servants, employees, and attorneys, and any other persons or corporate entities who are in active concert or participation with you **ARE HEREBY RESTRAINED AND ENJOINED** from:

1. Prosecuting or continuing to prosecute the arbitration before JAMS captioned *Sgromo, et al. v. Bestway (USA), Inc., et al.*, Reference No. 1210035345, until resolution of the appeal in the U.S. Court of Appeals for the Ninth Circuit captioned *Sgromo, et al. v. Bestway (USA), Inc., et al.*, Case No. 18-16228.

Bestway shall not be required to post a bond for the issuance of this Order.

1  This Temporary Restraining Order and all supporting pleadings and papers must be served on Defendant no later than September 14, 2018, and proof of service shall be filed no later than one court day before the hearing on the preliminary injunction.  Because Bestway is not proceeding *ex parte*, service may be effected through the Court's Case Management/Electronic Case Filing (CM/ECF) System, which will serve a "Notice of Electronic Filing" to all parties and counsel who have appeared in this action, who have consented under Civil L.R. 5-1 to accept that notice as service of a filing.  Any response or opposition to this Order to Show Cause must be filed and served on Bestway's counsel no later than September 20, 2018.

**IT IS SO ORDERED.**

Dated: 9/13/2018

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge