UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BESTWAY (USA), INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>PIETRO PASQUALE-ANTONI SGROMO, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-00205-HSG<br><br>**ORDER GRANTING PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 113 |

On September 12, 2018, Plaintiffs Bestway (USA) Inc., Bestway (Hong Kong) International Ltd., and Bestway Inflatables and Material Corporation's (collectively "Bestway") filed a motion for a temporary restraining order and preliminary injunction. *See* Dkt. No. 113. Bestway asked this Court to enjoin Defendant Pietro Pasquale-Antoni Sgromo ("Sgromo") from continuing to pursue the arbitration before JAMS captioned *Sgromo, et al. v. Bestway (USA), Inc., et al.*, Reference No. 1210035345, contrary to this Court's July 2 order. *See id.*; Dkt. No. 90. The Court granted Bestway's motion for a temporary restraining order on September 13, 2018. *See* Dkt. No. 114. Sgromo has not responded. The Court held a show cause hearing on September 26, at which Sgromo did not appear.

For the reasons articulated below, the Court **GRANTS** Bestway's motion for a preliminary injunction.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). To receive a preliminary injunction prior to a full adjudication on the merits, a plaintiff "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his

favor, and [4] that an injunction is in the public interest." *Id.* at 20. The Ninth Circuit has held that "a 'likelihood' of success per se is not an absolute requirement." *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1085 (9th Cir. 2014). "Rather, serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* (internal quotation marks omitted). However, under either the *Winter* test or the "serious questions" test, the court may not issue a preliminary injunction unless it finds that "a certain threshold showing is made" as to each of the four elements. *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011).

First, Bestway is likely to prevail on the merits of its claims that Sgromo's motion to compel arbitration was properly denied and that the status quo should be maintained pending resolution of the appeal in the Ninth Circuit regarding that issue. This Court found that Sgromo waived his right to arbitrate by his litigation conduct because "[i]n short, Sgromo has spent more than 16 months litigating this case . . . and only now—on the eve of summary judgment—does he seek to compel arbitration." Dkt. No. 90 at 8. In his appeal to the Ninth Circuit, Sgromo advances no new legal or factual arguments as to why he should not have been found to have waived his right to arbitration. *See* Appellant's Informal Brief at 12–13, *Bestway (USA), Inc., et al. v. Pietro Sgromo, et al.*, No. 18-16228 (9th Cir. Aug. 29, 2018), ECF No. 6.

Second, Bestway would be likely to suffer irreparable injury absent a preliminary injunction, in the form of inconsistent or contradictory rulings from a JAMS arbitrator and the expense of irrecoverable resources. *See AT & T Mobility LLC v. Bernardi*, No. C 11-03992 CRB, 2011 WL 5079549, at *10 (N.D. Cal. Oct. 26, 2011) ("being forced to defend an improper arbitration demand requires expending human and monetary capital for which there is no adequate remedy at law").

Third, the balance of equities favors Bestway because the preliminary injunction simply preserves the status quo by enforcing the Court's prior orders that ruled in Bestway's favor and against Sgromo. *See Morgan Stanley & Co. LLC v. Couch*, 659 F. App'x 402, 406 (9th Cir. 2016) ("If arbitration proceedings were not enjoined, [defendant's] extended delay in asserting his arbitration right would force [plaintiff] to re-litigate claims it likely has no duty to arbitrate at all"

2

and "no reason why preliminarily enjoining arbitration proceedings would impair [defendant's] claims"); *Morgan Stanley & Co., LLC v. Couch*, 134 F. Supp. 3d 1215, 1233 (E.D. Cal. 2015) ("majority of federal appellate courts to address the issue have held explicitly" that a federal district court "may enjoin arbitration if necessary to enforce its orders"); *see also In re American Exp. Fin. Advisors Securities Litig.*, 672 F.3d 113, 141 (2d Cir. 2011) ("If the parties to this appeal have not consented to arbitrate a claim, the district court was not powerless to prevent one party from foisting upon the other an arbitration process to which the first party had no contractual right.").

Finally, the requested relief is in the public interest because it conserves judicial and party resources, while enforcing this Court's orders and preserving the Ninth Circuit's jurisdiction to hear Sgromo's pending appeal.

**TO DEFENDANT PIETRO PASQUALE-ANTONIO SGROMO ("SGROMO"):**

You, your officers, agents, servants, employees, and attorneys, and any other persons or corporate entities who are in active concert or participation with you **ARE HEREBY RESTRAINED AND ENJOINED** from:

1. Prosecuting or continuing to prosecute the arbitration before JAMS captioned *Sgromo, et al. v. Bestway (USA), Inc., et al.*, Reference No. 1210035345, until resolution of the appeal in the U.S. Court of Appeals for the Ninth Circuit captioned *Sgromo, et al. v. Bestway (USA), Inc., et al.*, Case No. 18-16228.

**IT IS SO ORDERED.**

Dated: 9/27/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge