UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BESTWAY (USA), INC., et al.,<br>　　　　　Plaintiffs,<br>　v.<br>PIETRO PASQUALE-ANTONI SGROMO, et al.,<br>　　　　　Defendants. | Case No. 17-cv-00205-HSG<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 130 |

On October 22, 2018, Leonard Gregory Scott brought this motion for a temporary restraining order and preliminary injunction to enjoin Pietro Pasquale-Antoni Sgromo from continuing arbitration he has initiated against Scott. *See* Motion for Temporary Restraining Order and Preliminary Injunction ("Mot."), Dkt. No. 130. Scott brought a similar motion on September 17, *see* Dkt. No. 119, which the Court denied because Scott had not established a likelihood of success on the merits, *see* Dkt. No. 122. In this motion, Scott has provided significantly more background facts and exhibits to support his claims. However, Scott again fails to establish a likelihood of success on the merits.

A temporary restraining order is an "extraordinary remedy" that the court should award only upon a clear showing that the party is entitled to such relief. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Such an order may be issued only where the moving party has established: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to plaintiff in the absence of preliminary relief; (3) the balance of equities tips in plaintiff's favor; and (4) that an injunction is in the public interest. *See id.* at 22.

Scott has failed to establish his likelihood of success on the merits. Scott points to Sgromo's arbitration demand, *see* Dkt. No. 82-2, and the arbitrator's rulings, *see* Dkt. Nos. 130-2

& 130-3, as establishing the necessity of an injunction because the arbitration "could lead to inconsistent or contradictory rulings," Mot. at 3:4. But Sgromo's arbitration demand is wide-ranging, and covers matters well beyond those raised in the interpleader action in this Court. *See* Dkt. No. 82-2. And the arbitrator has not yet even determined the scope of what will be arbitrated. *See* Dkt. Nos. 130-2 at 3, 130-3 at 1. Thus, allowing the arbitration to continue will not necessarily result in any conflicts with this Court's orders. Scott is, of course, free to raise the prospect of conflict as to specific issues with the arbitrator, based on the record presented.

Accordingly, the motion for a temporary restraining order and preliminary injunction is **DENIED**.

**IT IS SO ORDERED.**

Dated: 10/24/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge