UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BESTWAY (USA), INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>PIETRO PASQUALE-ANTONI SGROMO, et al.,<br><br>    Defendants. | Case No. 17-cv-00205-HSG<br><br>**ORDER GRANTING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL; TERMINATING AS MOOT MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS**<br><br>Re: Dkt. Nos. 85, 89, 92, 99, 126 |

Pending before the Court are four administrative motions to file under seal, *see* Dkt. Nos. 85, 89, 99, 126, and a motion for leave to appeal in forma pauperis, *see* Dkt. No. 92. The Court will consider each motion in turn.

## I. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotation omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have

1   become a vehicle for improper purposes,' such as the use of records to gratify private spite,

2   promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179

3   (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the

4   production of records may lead to a litigant's embarrassment, incrimination, or exposure to further

5   litigation will not, without more, compel the court to seal its records." *Id.*

6   The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

14  Records attached to nondispositive motions, however, are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because such records "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179–80 (quotation omitted). This requires only a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

**II.   DISCUSSION**

   **A.   Motion to Seal Portion of Plaintiffs' Response to Order to Show Cause**

   Plaintiffs moved on June 15, 2018 to file under seal portions of their response to the Court's order directing them to show cause why the Court should not grant what it construed as a motion to compel arbitration. *See* Dkt. No. 85. Because these records are attached to a

nondispositive motion, the Court will apply the lower good cause standard. The Court **GRANTS** the motion to seal in its entirety because the good cause standard is met, as these redacted portions are subject to a confidentiality agreement and contain confidential business information, the disclosure of which could cause harm to the parties in this action.

### B. Motion to Seal Portion of Sgromo's Response to Order to Show Cause

Plaintiffs moved on June 22, 2018 to file under seal portion of Sgromo's response to the Court's order directing Plaintiffs, Scott, and Eureka to show cause why the Court should not grant what it construed as a motion to compel arbitration. *See* Dkt. No. 89. Sgromo also responded to the order to show cause, but because the Court did not request his input, the Court did not consider it in ruling on the motion. *See* Dkt. No. 90 at 5 n.5. Plaintiffs assert that sealing is warranted because Sgromo's response "references the specific terms of six Options Agreements," each of which "contains a confidentiality clause preventing the parties from disclosing the terms and conditions of the agreements." *See* Dkt. No. 89-1 ¶ 4. Because these records are attached to a nondispositive motion (Sgromo's unsolicited response to an order to show cause not directed at him), the Court applies the lower good cause standard. The Court has reviewed the records individually and finds that the good cause standard is met because these documents were subject to a confidentiality agreement and contain confidential business information and licensing terms; therefore, the Court **GRANTS** the motion to file under seal.

### C. Sgromo's Motion to Proceed in Forma Pauperis

Because the Ninth Circuit has granted Sgromo's motion to proceed in forma pauperis, *see* Dkt. No. 136, his earlier motion for leave to appeal in forma pauperis, Dkt. No. 92, is now moot. Accordingly, the Clerk is **DIRECTED TO TERMINATE** Dkt. No. 92 as moot.

### D. Motion to Seal Portions of Fees Motion

In connection with their motion for attorney's fees, Plaintiffs filed an administrative motion to file portions of their fees motion and accompanying declarations under seal. *See* Dkt. No. 99. Plaintiffs ask to seal what they contend is "confidential information relating to (1) the amount of funds being held in escrow, (2) the billing rates and fees incurred by its counsel, McDermott Will and Emery LLP; and (3) billing records attached as Exhibit A to the Fees

3

Declaration." *See id.* at 1. According to Plaintiffs, "[e]ach of these categories comprises confidential information relating to Bestway's financial records, including its licensing and legal practices and budgets." *See* Dkt. No. 99-1 at 2.

Because these documents are attached to Plaintiffs' fee request, which is a nondispositive motion, the Court applies the lower good cause standard. But, as has been "explained by numerous courts in this district, attorney rates and hours are generally not considered privileged information that is sealable." *Aylus Networks, Inc. v. Apple Inc.*, No. 13-CV-04700-EMC, 2016 WL 1252778, at *1 (N.D. Cal. Mar. 30, 2016). This rule has a principled basis: if an attorney's claimed rates and number of hours billed are sealed and thus unavailable to the public, "the final fees award appears to be drawn from thin air." *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C 13-159 CW, 2014 WL 6901744, at *1 (N.D. Cal. Dec. 8, 2014). That said, documents that may be used "as sources of business information that might harm a litigant's competitive standing" may be sealable. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (internal quotation omitted).

| Dkt. No. Public/(Sealed) | Document | Portion(s) Sought to be Sealed | Ruling (basis) |
|---|---|---|---|
| 99-3/(99-7) | Plaintiffs' Motion for Recovery of Attorneys' Fees Incurred | 4:5 | **GRANTED** (confidential business information related to value of licensing agreement) |
| | | 3:2, 4:8, 4:16–17, 4:19, 6:21, 6:24, 7:3, 7:17–18 | **DENIED** (needed to explain attorney fee award, *see Aylus Networks*, 2016 WL 1252778, at *1) |
| 99-4/(99-8) | Declaration of Krista Vink Venegas in Support of Plaintiffs' Motion for Recovery of Attorneys' Fees Incurred | 2:2, 2:5, 2:8, 2:11, 2:14, 2:27, 3:1–2, 3:14 | **DENIED** (needed to explain attorney fee award, *see Aylus Networks*, 2016 WL 1252778, at *1) |
| 99-5/(99-9) | Exhibit A to the Declaration of Krista Vink Venegas in Support of Plaintiffs' Motion for Recovery of Attorneys' Fees Incurred | Entire Exhibit | **DENIED** (needed to explain attorney fee award, *see Aylus Networks*, 2016 WL 1252778, at *1) |

E. **Motion to Seal Exhibit Related to Notice of Temporary Restraining Order Violation**

Plaintiffs moved to file under seal Exhibit C to the Declaration of Krista Vink Venegas for Plaintiffs' Notice of Temporary Restraining Order Violation. *See* Dkt. No. 126 at 1. Bestway represents that the redacted portion of Exhibit C "includes references to the terms of agreements between Bestway and Sgromo that include confidentiality provisions preventing the disclosure of business sensitive terms of the agreements, and it includes references to settlement agreements or their business sensitive terms between Bestway and Sgromo." *See id.* Because this exhibit is attached to a nondispositive motion, the Court will apply the lower good cause standard. The Court **GRANTS** the motion to seal in its entirety because the good cause standard is met, as these redacted portions are subject to a confidentiality agreement and contain confidential business information.

**III. CONCLUSION**

For the foregoing reasons, the Court:

A. **GRANTS** Plaintiffs' motion to file under seal portions of Plaintiffs' response to the Court's order directing Plaintiffs, Scott, and Eureka to show cause. *See* Dkt. No. 85.

B. **GRANTS** Plaintiffs' motion to file under seal portion of Sgromo's response to the Court's order directing Plaintiffs, Scott, and Eureka to show cause. *See* Dkt. No. 89.

C. **TERMINATES AS MOOT** Sgromo's motion to proceed in forma pauperis. *See* Dkt. No. 92.

D. **GRANTS IN PART AND DENIES IN PART** Plaintiffs' administrative motion to file portions of its fees motion and accompanying declarations under seal. *See* Dkt. No. 99. The Court **DIRECTS** Plaintiffs to file public versions of all documents for which the proposed sealing has been denied, as indicated in the chart above. Pursuant to Civil Local Rule 79-5(f)(1), documents filed under seal as to which the administrative motions are granted will remain under seal. The public will have access only to the redacted versions accompanying the administrative motions.

E. **DEFERS** a ruling on Plaintiffs' motion for attorney's fees and costs, *see* Dkt. No. 99-7, until after Plaintiffs respond to the Court's order to show cause, *see* Dkt. No. 137.

F. **GRANTS** Plaintiffs' administrative motion to file under seal Exhibit C to the Declaration of Krista Vink Venegas. *See* Dkt. No. 126.

**IT IS SO ORDERED.**

Dated: 3/28/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge