UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BESTWAY (USA), INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>PIETRO PASQUALE-ANTONI SGROMO, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-00205-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. Nos. 99-3, 99-7 |

Pending before the Court is Plaintiffs' motion for attorneys' fees. *See* Dkt. Nos. 99-3 (redacted motion for attorneys' fees), 99-7 (unredacted motion for attorneys' fees), 143-1 (re-filed public version of motion for attorneys' fees, "Mot."). For the following reasons, the Court **GRANTS** the motion with respect to previously incurred fees and costs but **DENIES** it with respect to anticipated fees.

## I.　BACKGROUND

The history of this litigation is tortuous, but a brief overview is necessary to put the attorneys' fees motion in context. Plaintiffs Bestway (USA), Inc.; Bestway (Hong Kong) International Ltd.; and Bestway Inflatables and Material Corp. (referred to collectively as "Plaintiffs" or "Bestway") initially brought this interpleader action. *See* Dkt. No. 1 (Complaint or "Compl.") at 1. They named four Defendants in the Complaint: Leonard Gregory Scott ("Scott"), Eureka Inventions LLC ("Eureka"), Pietro Pasquale-Antonio Sgromo ("Sgromo"), and Wagmore & Barkless LLC ("W&B"). Plaintiffs sought a determination regarding who was entitled to past royalty payments which were held in escrow and flowed from two license agreements. *See id.* at 11 (prayer for relief). Scott and Eureka subsequently filed a cross-claim against Sgromo and W&B, seeking an order declaring that they were entitled to the royalties and that they owned the

1  intellectual property in the license agreements. Dkt. No. 35 at 8 (prayer for relief). Sgromo later filed what the Court construed as a motion to compel arbitration. *See* Dkt. No. 82.[1]

On July 2, 2018, the Court denied Sgromo's motion to compel arbitration and granted Scott and Eureka's motion for summary judgment. *See* Dkt. No. 90 at 1. First, the Court found that Sgromo's "evasive litigation conduct" constituted a waiver of his right to compel arbitration. *See id.* at 7–8. Second, the Court found that Scott and Eureka were entitled to the royalties at issue. *See id.* at 8–9. On August 22, the Court ordered that the funds be distributed to Eureka (subject to any holdback of fees) and that Bestway be released from liability. *See* Dkt. No. 107.

On July 25, 2018, Bestway moved, as a disinterested stakeholder in an interpleader action, for an award of attorney's fees. *See* Dkt. No. 99-3. On March 27, 2019, the Court directed Bestway to show cause why it retained jurisdiction over the motion for attorneys' fees, given the pending appeal in the Ninth Circuit. *See* Dkt. No. 137. Bestway responded the following day and "reserve[d] its right to amend its Motion to update the amount of attorneys' fees and costs reasonably incurred" because "Sgromo continues to multiply these proceedings with numerous appeals." *See* Dkt. No. 139.

## II. LEGAL STANDARD

A plaintiff in an interpleader action may be awarded attorneys' fees because "the plaintiff has benefited the claimants by promoting early litigation on ownership of the fund, thus preventing dissipation" and because "the plaintiff should not have to pay attorney fees in order to guard himself against the harassment of multiple litigation." *Schirmer Stevedoring Co. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 193 (9th Cir. 1962). "The amount of fees to be

---

[1] Sgromo, who is proceeding pro se, has not meaningfully participated in this action since August 2018, except to appeal orders of this Court. The Court previously noted that Sgromo has filed several frivolous motions. *See, e.g.*, Dkt. No. 64 ("Notice of Right to Sue"); Dkt. No. 66 (request by Sgromo to reconsider dismissing the action). More recently, he filed an "informal response" in which he claimed was "not attorning to the jurisdiction" of this Court and provided a rambling account of the status of proceedings before an arbitrator and Canadian courts. *See* Dkt. No. 141. In addition, Sgromo has consistently and improperly purported to represent W&B, despite the fact that he is not an attorney. *See In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (per curiam) ("Corporations and other unincorporated associations must appear in court through an attorney."); Civil L.R. 3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court.").

2

awarded in an interpleader action is committed to the sound discretion of the district court." *Trustees of Directors Guild of Am.-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir.), *opinion amended on denial of reh'g*, 255 F.3d 661 (9th Cir. 2000).

Attorney fee awards to an interpleader plaintiff "are properly limited to those fees that are incurred in filing the action and pursuing the [plaintiff's] release from liability, *not* in litigating the merits of the adverse claimants' positions." *Tise*, 234 F.3d at 426 (citing *Schirmer Stevedoring*, 306 F.2d at 194). Fee awards are "typically modest." *Tise*, 234 F.3d at 427. Because fees are "paid from the interpleaded fund itself, there is an important policy interest in seeing that the fee award does not deplete the fund at the expense of the party who is ultimately deemed entitled to it." *Id.*

## III. DISCUSSION

The Court has jurisdiction over this motion despite the ongoing appeal, *Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983), and may award attorneys' fees in its discretion, *Tise*, 234 F.3d at 426.

Bestway requests $94,541.70 in attorneys' fees and costs "as a result of the necessity of filing and prosecuting this instant action," to be paid out of the royalty payment held in escrow by Bestway (the value of which remains sealed from public disclosure). *See* Mot. at 3–4. Bestway calculates this total as including: 134.9 hours of attorney time at billable rates from $425 to $855 per hour, amounting to $77,839.50; $4,702.20 in costs; and $12,000 as an estimate for the cost of "defend[ing] against the appeal." *See id.* at 4, 6–7; Dkt. No. 143-2 at 3. Bestway represents that its request accounts for well less than the "more than $200,000 in attorneys' fees and $8,000 in costs" it has incurred "in litigating this matter." *See* Dkt. No. 143-2. Bestway states that it is not requesting fees "related to the 'vexatious' actions Sgromo filed in Canada" or "fees resulting from Sgromo's refusal to comply with the Protective Order in this case and seal confidential documents or various correspondence relating to royalty reports or other case related issues." Mot. at 4.

Scott and Eureka do not oppose Bestway's request. *See* Dkt. No. 102. The Court finds their non-opposition significant because they are entitled to the balance of the interpleader fund. In other words, each additional dollar of attorneys' fees and costs is a dollar less that they will

3

receive.

Fee awards in interpleader cases are "typically modest." *See Tise*, 234 F.3d at 427. But this is not a typical case. Bestway's involvement in this case has had to be much more substantial than that of the ordinary interpleader plaintiff. For example, after Sgromo contested personal jurisdiction and venue and asserted that he was entitled to summary judgment, *see* Dkt. No. 14, Bestway was forced to oppose, *see* Dkt. No. 22. The Court found that Sgromo was subject to its jurisdiction, that venue was proper, and that summary judgment was unwarranted. *See* Dkt. No. 50. And when Sgromo moved to transfer the case to the District of Massachusetts, *see* Dkt. No. 33, Bestway was again forced to file an opposition, *see* Dkt. No. 43. Again, the Court denied Sgromo's request. *See* Dkt. No. 80.

Given the unusual and protracted nature of this interpleader action—driven by Sgromo's evasive tactics and at times frivolous filings—the Court exercises its discretion to award more in fees than it would in the typical interpleader action. In addition, because the parties entitled to the balance of the royalty fund do not oppose the request and the fund remains sizeable even after these fees are deducted, the policy interest in avoiding depletion of the fund does not weigh as heavily here as it might otherwise.

"In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986) (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). The Court has reviewed the billing records, declarations, and attached report and finds that the claimed hourly rates are reasonable, particularly given the constantly changing shape of this litigation.

A "fee applicant must show that she exercised billing judgment in the preparation of the attorney's fee application and that the requested hours were reasonably expended (i.e., not duplicative, unproductive, excessive or otherwise unnecessary)." *Allianz Life Ins. v. Agorio*, 852 F. Supp. 2d 1163, 1169 (N.D. Cal. 2012) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Upon reviewing the individual entries in the billing records, the Court finds that the 134.9 hours claimed were reasonably incurred, especially considering the prolonged and fractious nature of

4

this atypical interpleader action. Accordingly, the Court awards Bestway the entire $77,839.50 it claims for previously incurred attorneys' fees.

However, at this time, the Court will not award any of the $12,000 Bestway requests "to defend against Sgromo's appeal." *See* Mot. at 3. These fees have not actually been incurred and the estimate is not grounded in any articulated basis. *See Allianz*, 852 F. Supp. 2d at 1170 (declining to award fees "not actually incurred").

Finally, Bestway requests $4,072.20 in costs, including filing fees, service of process, and legal research expenses. *See* Dkt. No. 143-2 ¶¶ 14, 17; *see also* Dkt. No. 143-3 at 29–33. These costs are reasonable and well-documented; therefore, the Court awards them in their entirety.

## IV. CONCLUSION

Given Bestway's considerable efforts in this litigation and the non-opposition of the parties entitled to the royalty fund, the Court finds it appropriate to award $77,839.50 in attorneys' fees and $4,072.20 in costs, for a total amount of $81,911.70, to be paid out of the royalty fund that is the subject of this interpleader action.

**IT IS SO ORDERED.**

Dated: 4/10/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge