UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BESTWAY (USA), INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PIETRO PASQUALE-ANTONI SGROMO, et al.,<br><br>Defendants. | Case No. 17-cv-00205-HSG<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 138 |

Defendants and Cross-Claimants Leonard Gregory Scott and Eureka Inventions LLC brought this motion on March 27, 2019, seeking a temporary restraining order and preliminary injunction to prohibit Defendant Pietro Pasquale-Antoni Sgromo "and his related entities from prosecuting the patent matter recently filed in . . . the Eastern District of Texas . . . captioned *Pietro Pasquale Antonio Sgromo (a/k/a Peter Anthony Sgromo), et al. v. Bestway Enterprise Co. Ltd., et al.*, No. 2:19-cv-60-JRG." *See* Dkt. No. 138 ("Mot.") at 1. This is the third time that Scott and Eureka have run to this Court attempting to prevent Sgromo from pursuing his claims in other forums. *See* Dkt. Nos. 119, 130. According to Scott and Eureka, a temporary restraining order and preliminary injunction are necessary this time around because "Sgromo is seeking to effectively relitigate the same issues" that were resolved by this Court and an arbitrator. *Id.* at 3; *see also* Dkt. No. 138-8 (Sgromo's amended complaint in Eastern District of Texas). Rather than filing an opposition brief addressing the merits of this motion, Sgromo submitted what he deemed an "informal response." *See* Dkt. No. 141.

A temporary restraining order is an "extraordinary remedy" that the court should award only upon a clear showing that the party is entitled to such relief. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A temporary restraining order or preliminary injunction may

1 be issued only where the moving party has established: (1) a likelihood of success on the merits;
2 (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) the balance of equities
3 tips in the movant's favor; and (4) that an injunction is in the public interest. *See id.* at 22.

Scott and Eureka have not established that they will be irreparably harmed if Sgromo is not enjoined from prosecuting his suit in the Eastern District of Texas. They argue that they will be forced to spend money defending against Sgromo's suit in this new jurisdiction and face the possibility of "inconsistent and/or contradictory rulings." *See* Mot. at 10–11. Scott and Eureka cite to the Ninth Circuit's unpublished decision in *Jones v. Mendocino County* as supporting their position. *See* Mot. at 11. However, in affirming the entry of an injunction against a vexatious litigant who had filed fifteen prior lawsuits, the Ninth Circuit in *Jones* confirmed the general rule: that "litigiousness alone is no reason to enjoin future litigation" and that injunctions against the filing of related lawsuits in federal courts "are generally unnecessary, as res judicata and collateral estoppel are usually more than adequate to protect defendants against repetitious litigation." *See* 895 F.2d 1417 (9th Cir. 1990) (internal quotation omitted).

The Court does not see a reason to diverge from that general rule at this time. Because the "doctrines of collateral estoppel and res judicata ordinarily provide adequate assurance that one court's resolution of a controversy will be respected by other courts," *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1524 (9th Cir. 1983), there will not be any irreparable harm absent the entry of a restraining order or preliminary injunction. Scott and Eureka should present their relitigation arguments to the court in the Eastern District of Texas. If they are correct that Sgromo is merely attempting to relitigate issues that have already been decided by this Court, then that action will be barred by res judicata, with little expense incurred. *See, e.g.*, *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (explaining mechanics and policy of claim preclusion and issue preclusion, "which are collectively referred to as 'res judicata'").

//
//
//
//

Because Scott and Eureka cannot establish irreparable harm, the Court need not discuss the other *Winter* factors and the motion for a temporary restraining order and preliminary injunction is **DENIED**.

**IT IS SO ORDERED.**

Dated: 4/10/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge